**MISSOURI REAL ESTATE COMMISSION,**
Respondent-Plaintiff,

v.

**Robert L. WOODSON, Appellant-Defendant.**

No. 23677.

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Robert L. Woodson, Kansas City, Mo., pro se.

Thomas F. Eagleton, Atty. Gen., and Julian O'Malley, Asst. Atty. Gen., for respondent Missouri Real Estate Commission.

SPERRY, Commissioner.

This case was instituted by the Missouri Real Estate Commission for the purpose of inquiring into the conduct of defendant in his business as a real estate broker and if, in plaintiff's opinion, such action were justified, then in disciplining defendant because of the violation of the provisions of chapter 339, R.S.Mo.1959. After having had an extended hearing, at which time both sides to the controversy submitted evidence, the commission found that defendant had been guilty of fraud and misconduct, in violation of Section 339.100, subsection (7) R.S. Mo.1959, V.A.M.S., and revoked his license.

The circuit court, on appeal, affirmed the judgment. Defendant appeals to this court.

This case had its inception in the sale of an apartment house by defendant to Mrs. Connie Shepherd. She, later, sued him in fraud and deceit and had a substantial judgment, for actual and punitive damages, affirmed in her favor. Shepherd v. Woodson, 328 S.W.2d (Mo.) 1.

Chapter 339, R.S.Mo.1939, relates to the licensing, regulating and disciplining of those who seek to engage in buying, selling, financing, leasing, and in other activities in the real estate business, in Missouri.

Defendant was a licensed real estate broker and was employed by a duly licensed real estate agency. He was engaged in the business of buying and selling real estate for members of the public. For his services as agent in various transactions of this nature he was paid commissions.

In September, 1956, defendant's brother, a doctor who lived in Kansas, requested him to look at an 8 unit apartment building located at 1212 East 44th Street, Kansas City, Missouri, with a view to its purchase for the doctor. Defendant stated that he inspected the building and, eventually, purchased it for his brother, and in his name, for $9500.00; that he proceeded to remodel and make repairs and betterments, preparing it for leasing; that, prior to repairs, defendant thought the building was worth $12500.-00; that more than $4000.00 was expended on it for repairs; that, in January, 1957, defendant's brother suffered personal injuries and, as a result of financial reverses, desired to sell the property; that Mrs. Shepherd, who wished to purchase property of that character, was referred to defendant by his agency; that he showed her the property here involved and represented to her that it was then worth $16000.00, but that necessary remodelling and repairing would amount to $2500.00; that, after spending 40 minutes inspecting the property, she agreed to and did purchase it on contract at $16000.00, as it then stood.

Mrs. Shepherd stated that she met defendant at the real estate agency by whom he was employed as a salesman; that she informed him that she had $3500.00 to invest in income property in which she would also reside; that he showed her the property herein mentioned which, after 40 minutes of inspection, she contracted to purchase for $16000.00, and to finish repairs thereon at her own expense.

She further stated that she had never, theretofore, purchased any real estate; that she was a beauty shop operator, which was her sole previous business experience; that she had never previously looked at real estate with a view to its purchase; that she believed that she could put her confidence and trust in a real estate agent, to advise her with skill and fidelity so as to prevent her from going "way over your head with something like I did"; that she confidently relied on statements made by defendant with respect to cash value and other aspects of the property involved, and, so relying, purchased the property; that it was her first dealing with a real estate broker; that, but for her reliance on defendant's representations and statements, she would not have purchased the real estate; that she did not discuss the property with any other person; that, while he showed her one or two other properties, he kept telling her that this was the best buy for her; that defendant signed the contract himself, as vendor, stating to purchaser that he was acting as a strawman.

Mr. Aull, sales manager of Truckers Realty Co., defendant's former employer, stated that, after Mrs. Shepherd bought the property, she requested him to inspect it; that he did so; that it was a shell only; that there were no "units", just a number of rooms, with plaster everywhere and plumbing stacked up in various places; that the property was not rentable. He qualified as a real estate salesman and appraiser and stated that, as of the date he viewed it, about a week after the sale had been completed, it was worth not to exceed $9000.00.

There was evidence from which the commission could have found that Mrs. Shepherd knew little or nothing about real estate values, never before having bargained for the purchase of any property; that she relied wholly on the representations made by defendant as to values; that he represented the value to be $16000.00; that she believed such representations, acted upon same and bought the property for that price; that, in fact, the property, at the time the representations were made, was worth not to exceed $9000.00; that defendant then well knew that the property was of a value far below that of $16000.00; and that he made representations of excessive values deliberately and intentionally, with the hope and expectation that Mrs. Shepherd would believe them and act thereon.

■ In this case the court, on appeal, may not try the cause *de novo*. "We review the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the Commission; and by competent and substantial evidence, and if the Commission's findings are supported not contrary to the overwhelming weight of the evidence, the award is to be sustained." Lake v. Midwest Packing Co., (Mo.) 301 S.W.2d 834, 835; Manning v. Manor Baking Co., 356 S.W.2d (Mo.App.) 505, 507. It was for the commission to evaluate the conflicting evidence and arrive at a decision as to the facts in this case. Manning v. Manor Baking Co., supra. We may not substitute our judgment for that of the commission but we can only determine whether the commission could have reasonably made findings and reached its result upon consideration of all the evidence before it. Manning v. Manor Baking Co., supra. Upon a full consideration of all the record before us we are constrained to hold that the order and judgment of the commission here is well supported by the record.

The commission evidently believed from the evidence that defendant's conduct constituted untrustworthy or improper, fraudu-

lent or dishonest dealings, or demonstrates bad faith or gross incompetence, as provided in subsection 7, Section 339.100, R.S. Mo.1959, supra.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.